UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICKOLAS VINCENT POWELL,<br><br>　　　Plaintiff,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　Defendant. | Case No. 5:25-cv-02176-SB-MBK<br><br>ORDER DISMISSING CASE FOR LACK OF PROSECUTION |

　　　Plaintiff filed a petition for a writ of habeas corpus on August 18, 2025. Soon after, the notices that were sent to him were returned as undeliverable. On October 14, 2025, the Court ordered Plaintiff to file a notice of change of address by October 31, 2025, and warned him that failure to comply would result in dismissal of the case for lack of prosecution:

> Plaintiff, proceeding pro se, filed a habeas petition on August 15, 2025, stating that he was incarcerated at the West Valley Detention Center, in San Bernardino, California, and that he was expected to be released on September 15, 2025. Dkt. No. 1 at 2. According to public records on the San Bernardino County Sheriff's Department website, he was released on September 15. Since then, each court document sent to him at the address listed on his petition has been returned as undeliverable. Dkt. Nos. 4, 5. Under Local Rule 41-6, a pro se litigant has an obligation to keep the Court informed of his current address. "If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of

1

the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute." L.R. 41-6.  Accordingly, Plaintiff is ordered to update his mailing address no later than October 31, 2025.  Failure to timely comply will result in dismissal of this case without prejudice for lack of prosecution.

Dkt. No. 6.  Plaintiff has failed to timely comply with this order.

The most basic obligation of a party who files a lawsuit is to provide current contact information.  Without it, the court cannot communicate with the party, hampering docket management, delaying resolution, risking prejudice to the defendants, and limiting available sanctions.  Although cases should generally be decided on the merits, a party who fails to keep the court informed of his or her contact information effectively prevents that from occurring.  These factors weigh heavily in favor of dismissal here.  *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994) (describing the factors to be considered before dismissing a case under Fed. R. Civ. P. 41(b)).

Accordingly, this case is dismissed without prejudice.  *See* L.R. 41-8 ("If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").  A final judgment will be entered separately.

Date: November 13, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge